UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CV-60014-RAR

**RONALD SATISH EMRIT**,

    Plaintiff,

v.

**SABINE AISHA JULES,**

    Defendant.
_____/

## ORDER OF DISMISSAL

**THIS CAUSE** comes before the Court upon *sua sponte* review of the record. Plaintiff, Ronald Satish Emrit, filed a Complaint, [ECF No. 1], and a Motion for Leave to Proceed *In Forma Pauperis*, [ECF No. 3], on January 5, 2023. On January 9, 2023, Plaintiff also filed a Notice of Interlocutory Appeal, but the Clerk of Court noted that the document could not be transmitted to the Eleventh Circuit Court of Appeals because there was no order to appeal. [ECF No. 4].

The instant case is substantially similar to one Plaintiff previously filed, which this Court dismissed on November 7, 2022. *See Emrit v. Fort Lauderdale Police Dept., et al*, No. 22-62038, 2022 WL 16745264 (S.D. Fla. Nov. 7, 2022). This Court dismissed Plaintiff's previous case because Plaintiff's Complaint failed to state a claim upon which relief may be granted or establish subject-matter jurisdiction. *Id.* Upon initial screening, the Court finds again that Plaintiff's Complaint in this case fails state a claim upon which relief may be granted or to establish subject-matter jurisdiction. Accordingly, Plaintiff's Complaint is **DISMISSED** *without prejudice*.

A "district court has unquestionable authority to control its own docket and broad discretion in deciding how best to manage the cases before it . . . ." *Guice v. Sec'y, Dep't of Labor*, 754 F. App'x 789, 791 (11th Cir. 2018) (citing *Smith v. Psychiatric Sols., Inc.*, 750 F.3d 1253,

1262 (11th Cir. 2014)).  Indeed, "[a] federal district court has the inherent power to dismiss a case *sua sponte* under Rule 41(b)."  *Hanna v. Fla.*, 599 F. App'x 362, 363 (11th Cir. 2015) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 48-49 (1991)).  Moreover, the relevant statute governing *in forma pauperis* proceedings provides that a court "*shall* dismiss the case *at any time* if the court determines that . . . the action . . . is frivolous or malicious . . . [or] fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii) (emphases added); *see also Mehmood v. Guerra*, 783 F. App'x 938, 940 (11th Cir. 2019) ("[U]nder § 1915(e), district courts have the power to screen complaints filed by all IFP litigants, prisoners and non-prisoners alike."); *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004) ("[S]ection 1915(e)(2)(B)(ii), directs the district court to dismiss the complaint of any plaintiff proceeding *in forma pauperis* if the court determines that the complaint fails to state a claim on which relief may be granted.") (quotations omitted).

To state a claim for relief, a pleading must contain: "(1) a short and plain statement of the grounds for the court's jurisdiction . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."  FED. R. CIV. P. 8(a).  As such, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "[T]o state a plausible claim for relief, the plaintiff[] must plead 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'"  *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1268 (11th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678).

Plaintiff's Complaint fails to meet the foregoing standards for several reasons, including but not limited to: (1) the underlying facts do not demonstrate any plausible claims against Defendant or that Plaintiff is entitled to any relief; (2) Plaintiff seeks relief that this Court cannot provide; and (3) Plaintiff does not sufficiently allege grounds for the Court's jurisdiction.

As in his previous case before this Court, Plaintiff seeks an annulment of his prior marriage to Defendant in this case, Sabine Aisha Jules. Plaintiff alleges that he and Defendant were married on August 31, 2002, in Las Vegas, Nevada. Compl. ¶ 9. The parties were granted a divorce in 2006 in Broward County, Florida. *Id.* ¶ 10. At some point, Plaintiff was previously engaged to Maria Chemiarska, from Kharkiv, Ukraine, and Rachel Barriero, from Tunas, Cuba. *Id.* ¶ 14, 15. But now Plaintiff is engaged to Darya Ignatena, from Kyiv, Ukraine. *Id.* ¶ 13.

Plaintiff attempts to bring four causes of action. First, Plaintiff alleges "tortious interference with family relations." *Id.* at 4. Here, Plaintiff alleges that Defendant interfered with his previous engagement to Barriero. *Id.* ¶ 15. Plaintiff does not provide any details as to how Defendant allegedly interfered, nor does Plaintiff provide a basis for this purported cause of action. Second, Plaintiff alleges "tortious interference with business relations." *Id.* at 4. Regarding this cause of action, Plaintiff alleges that Defendant interfered with Plaintiff's "desire to obtain an MBA from University of Arizona Eller College of Business." *Id.* ¶ 16. Third, Plaintiff alleges "invasion of privacy through intrusion upon seclusion." *Id.* at 4. Again, Plaintiff alleges that Defendant interfered with his previous engagement to Barriero but provides no other information. *Id.* ¶ 17. And fourth, Plaintiff alleges "nuisance." *Id.* at 5. Here, Plaintiff once again alleges that Defendant interfered with his previous engagement to Barriero, and Plaintiff provides the names and addresses of two individuals who can corroborate the allegation. *Id.* ¶ 18.

To begin, the facts underlying Plaintiff's complaint do not demonstrate any plausible claims against Defendant or that Plaintiff is entitled to any relief. Plaintiff frames this case as a tort suit against his former wife, alleging tortious interference, invasion of privacy, and nuisance. But Plaintiff does not provide any facts in support of these allegations. Plaintiff does not state any actions (or inactions) taken by Defendant that could possibly be construed to constitute a tort. Instead, Plaintiff argues, "this Court should issue an injunction declaring an annulment so that both

Page **3** of **6**

the Plaintiff and Defendant can engage in 'selective amnesia' for a mistaken marriage that has become an embarrassment and nuisance to both the Plaintiff and Defendant." *Id.* at 6. Plaintiff further argues that his fiancé may become "jealous or envious of Plaintiff's past relationship/marriage…." *Id.* The Court cannot discern a legally cognizable claim from these allegations. Thus, the Complaint fails to plead "sufficient factual matter, [that] accepted as true, [would] 'state a claim to relief that is plausible on its face.'" *Ashcroft*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Additionally, Plaintiff seeks a form of relief this Court cannot grant. Plaintiff states repeatedly that Plaintiff only seeks an annulment of his marriage to Defendant. As was true in Plaintiff's previous case before this Court, here Plaintiff cites no authority that would allow a district court judge to grant an annulment. Plaintiff invokes the United States Supreme Court's decision in *Loving v. Virginia*, 388 U.S. 1 (1967) to argue that an annulment is warranted because Defendant is not Plaintiff's "type." *Id.* The Court is unaware of any authority—under *Loving* or elsewhere—that allows any federal court to annul a marriage as a remedy to a civil lawsuit.

Lastly—and most importantly—Plaintiff has not sufficiently alleged subject-matter jurisdiction. Plaintiff's Complaint admits that there is no diversity jurisdiction, as both parties reside in Florida. *Id.* ¶¶ 3, 4, 6. Plaintiff instead attempts to invoke federal question jurisdiction by asserting a variety of bases for jurisdiction which appear irrelevant or overbroad. Plaintiff invokes "the due process clause of the 5th and 14th Amendments," *id.* ¶ 6, "the stare decisis of *Loving v. Virginia*," *id.* ¶ 5, "the application of the First Amendment freedom of association in addition to the 4th Amendment right of privacy," *id.* ¶ 7, and "a broad interpretation of the Thirteenth Amendment prohibition of slavery during reconstruction," *id.* ¶ 8. However, these Constitutional Amendments and case law have no bearing on Plaintiff's case. As pled, the jurisdiction section of Plaintiff's Complaint is insufficient to establish that the Court has

jurisdiction over Plaintiff's claims. Federal courts are "empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution," and which have been entrusted to them by a jurisdictional grant authorized by Congress. *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)). Accordingly, once a federal court determines that it is without subject-matter jurisdiction, the court is powerless to continue. *Id.* at 410.

As this is Plaintiff's second lawsuit before this Court seeking an annulment of Plaintiff's marriage and this Court has already dismissed Plaintiff's previous lawsuit, the Court deems Plaintiff's lawsuit frivolous. In Plaintiff's first lawsuit before this Court, Plaintiff appealed this Court's dismissal, and subsequently filed nine motions on that docket, which the Court denied due to a lack of subject-matter jurisdiction and because they were frivolous. In doing so, the Court warned Plaintiff that should Plaintiff file additional frivolous motions, Plaintiff would be sanctioned. *See Emrit v. Fort Lauderdale Police Dept., et al*, No. 22-62038 (S.D. Fla. December 13, 2023) (omnibus order denying all pending motions).

The Court finds the same warning is necessary here. Accordingly, Plaintiff is hereby advised that any future frivolous filings in this case shall result in the Court imposing sanctions on his ability to file freely. Specifically, Plaintiff is warned that if he files frivolous motions, he will be barred from filing any *pro se* motions in this case unless the pleading is accompanied by a motion for leave to file it. The Court will grant leave only if such a motion (1) certifies that the issues contained in the proposed filing are not frivolous and (2) explains why that non-frivolous issue cannot be resolved in a separate action. The Court will strike any motions that do not comport with this instruction and grant leave only if the motion seeking leave makes an adequate showing as to the two requirements. Accordingly, based on the foregoing, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff's Complaint, [ECF No. 1], is **DISMISSED** *without prejudice*.[1]  The Clerk is directed to **CLOSE** this case.  Any pending motions are **DENIED as moot**.

**DONE AND ORDERED** in Miami, Florida, this 17th day of January, 2023.

_____
RODOLFO A. RUIZ II
UNITED STATES DISTRICT JUDGE

---

[1] Although ordinarily this Court would grant a *pro se* litigant at least one opportunity to amend his complaint before dismissal, here, the Court finds that an amendment would be futile because the Complaint is frivolous and does not even approximate an actionable claim.  *See Cornelius v. Bank of Am., NA*, 585 F. App'x 996, 1000 (11th Cir. 2014) ("While a pro se litigant generally must be given at least one opportunity to amend his complaint, a district judge need not allow an amendment where amendment would be futile."); *see also Henry v. Fernandez-Rundle*, 773 F. App'x 596, 597 (11th Cir. 2019) (affirming *sua sponte* dismissal without leave to amend of a frivolous complaint).  Accordingly, the Court dismisses Plaintiff's Complaint as frivolous.